UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DARRYL WILLIAM YOUNG,                                           Case No. 3:23-cv-01534-MK

            Petitioner,                                                            ORDER

     v.

ISRAEL JACQUEZ, Warden,
FCI Sheridan,

            Respondent.
_____

KASUBHAI, Magistrate Judge.

      Petitioner, an adult in custody at the Federal Correctional Institution in Sheridan, Oregon

(FCI Sheridan), brings this habeas corpus Petition pursuant to 28 U.S.C. § 2241. Petitioner did

not submit the required filing fee, and typically the Court would order Petitioner to pay the $5.00

fee for a habeas action or submit a properly completed Application for Leave to Proceed in

Forma Pauperis (IFP) showing his inability to pay the $5.00 fee. *See* 28 U.S.C. §§ 1914(a),

1915(a). However, in this case, Petitioner's claim for relief does not sounds in habeas.

- 1 -    ORDER

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a claim should proceed in habeas only if the petitioner's success on that claim would "necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea*, 931 F.2d at 574 (citation omitted). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" of the habeas core and must be raised as a civil rights claim. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) (instructing that an "inmate's challenge to the circumstances of his confinement" may be brought in a civil rights action).

Petitioner does not challenge the fact or duration of his confinement and his claim does not implicate the validity of his conviction or the execution of his sentence. Instead, Petitioner alleges that he has not received adequate medical care after being diagnosed with a thyroid tumor and the conditions of his confinement violate the Eighth Amendment. As such, Petitioner brings a civil rights claim, not a habeas claim, and his Petition is properly construed as a civil rights complaint brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). *See Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003) (explaining that "habeas jurisdiction is absent and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").[1]

---

[1] To the extent Petitioner seeks a compassionate release from the FCI Sheridan, he must file such a motion in the sentencing court. *See* Pet. Ex. A (Petitioner's letter to Respondent seeking compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)). This Court does not have the authority to reduce Petitioner's sentence in a habeas proceeding brought under § 2241.

To pursue a *Bivens* civil rights action, Petitioner must pay the $402.00 filing fee or apply for leave to proceed IFP.[2] Petitioner is advised that, if granted IFP status, he must authorize deductions from his inmate trust account to pay the filing fee. *See* 28 U.S.C. § 1915(b). Petitioner is also advised that the Prison Litigation Reform Act requires adults in custody to exhaust administrative remedies before filing a civil rights action. 42 U.S.C. § 1997e(a).

<u>CONCLUSION</u>

The Petition is construed as a civil rights Complaint brought pursuant to *Bivens*. Within 30 days from receipt of this Order, Petitioner must pay the $402.00 filing fee or submit a properly completed IFP application authorizing deductions from his inmate trust account to pay the filing fee. Petitioner is advised that the failure to pay the fee or to submit a completed IFP application will result in the dismissal of this action, without prejudice.

The Clerk is directed to forward Petitioner a form Application for Leave to Proceed IFP with this Order.

IT IS SO ORDERED.

DATED this <u>8th</u> day of November 2023.

<div style="margin-left: 40%;">

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

</div>

---

[2] The filing fee includes a $52.00 administrative fee. Should the Court grant IFP status, Petitioner will not be required to pay the $52.00 administrative fee.